NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**SMITA A. PATEL,**

*Petitioner,*

v.

**MERIT SYSTEMS PROTECTION BOARD,**

*Respondent,*

AND

**UNITED STATES POSTAL SERVICE,**

*Intervenor.*

---

2012-3113

---

Petition for review of the Merit Systems Protection Board in case no. CH0353110410-I-1.

---

Decided: October 10, 2012

---

SMITA A. PATEL, Hoffman Estates, Illinois, pro se.

CALVIN M. MORROW, Attorney, Office of the General Counsel, Merit Systems Protection Board, of Washington, DC, for respondent. With him on the brief were JAMES M.

EISENMANN, General Counsel, and KEISHA DAWN BELL, Deputy General Counsel.

JOSEPH A. PIXLEY, Trial Attorney, Commercial Litigation Branch, Civil Division, United States Department of Justice, of Washington, DC, for Intervenor. With him on the brief were STUART F. DELERY, Acting Assistant Attorney General, JEANNE E. DAVIDSON, Director, and FRANKLIN E. WHITE, JR., Assistant Director.

————————————

Before BRYSON, DYK, and MOORE, *Circuit Judges*.

PER CURIAM.

Smita A. Patel appeals from the decision of the Merit Systems Protection Board (Board) dismissing, for lack of jurisdiction, her claim for restoration to duty following partial recovery from a compensable on-the-job injury. *Patel v. U.S. Postal Serv.*, No. CH-0353-11-0410-I-1, slip op. at 1 (M.S.P.B. Jan. 11, 2012). For the reasons discussed below, we *affirm*.

In December 2006, Ms. Patel suffered an on-the-job injury to her knees while employed as a Supervisor of Distribution Operations (SDO) at the United States Postal Service (Agency) in Palatine, Illinois. On May 29, 2009, after receiving compensation and extensive rehabilitative treatment for this injury, Ms. Patel requested restoration to duty in her former position with the Agency, subject to medical restrictions on her physical activities. On June 9, 2009, the Agency denied Ms. Patel's request after determining that it could not accommodate her medical restrictions in her previous position or in any other available position at the Agency.

Ms. Patel appealed the Agency's decision to the Board, contending that the Agency's denial of her request for restoration to duty was arbitrary and capricious. An administrative judge (AJ) held a hearing in which Ms. Patel and several witnesses testified. After considering the hearing testimony and submitted evidence, the AJ concluded that Ms. Patel had failed to establish that the Agency's denial of her request for restoration to duty was arbitrary and capricious. More specifically, the AJ found that Ms. Patel's permanent medical restrictions required no excessive twisting, turning, bending, sitting, stair climbing, kneeling, or squatting; minimal standing; minimal walking; and no lifting over five pounds. The medical restrictions additionally required that Ms. Patel perform only seated work and use a scooter and other assistive devices for mobility. The AJ also found that the SDO position requires "continuous walking and standing to check mail and mail volume, and monitoring employees' performance" and "cannot be performed as seated work." Likewise, the AJ found that an SDO cannot supervise employees from a motorized scooter and that the Agency's facilities "cannot accommodate a motorized scooter." Finally, the AJ found that the Agency had considered available work within Ms. Patel's medical restrictions, including positions at facilities up to ninety miles from the Palatine facility, and that no vacancies were available that could accommodate those restrictions. In conclusion, the AJ dismissed Ms. Patel's appeal because she failed to show that the Agency's decision to deny her request for restoration to duty was arbitrary and capricious. The decision of the AJ became the final decision of the Board on February 15, 2012.

We have jurisdiction under 28 U.S.C. § 1295(a)(9). We must affirm the Board's decision unless it is "(1) arbitrary, capricious, an abuse of discretion, or otherwise

not in accordance with law; (2) obtained without procedures required by law, rule, or regulation having been followed; or (3) unsupported by substantial evidence." 5 U.S.C. § 7703(c). Whether the Board has jurisdiction to adjudicate an appeal is a question of law, which we review *de novo. Stoyanov v. Dep't of the Navy*, 474 F.3d 1377, 1379 (Fed. Cir. 2007).

In certain circumstances, an appeal to the Board from an agency's denial of restoration to duty is permitted by 5 C.F.R. § 353.304. To establish jurisdiction over such an appeal, the petitioner must show, through preponderant evidence: "(1) absence due to a compensable injury; (2) sufficient recovery from the injury to return to duty on a part time basis or in a less physically demanding position; (3) agency denial of a request for restoration; (4) denial of restoration rendered arbitrary and capricious by agency failure to perform its obligation under 5 C.F.R. § 353.301(d)." *Bledsoe v. Merit Sys. Prot. Bd.*, 659 F.3d 1097, 1104 (Fed. Cir. 2011). Agencies must make "every effort to restore in the local commuting area, according to the circumstances in each case, an individual who has partially recovered from a compensable injury and who is able to return to limited duty." 5 C.F.R. § 353.301(d).

In this appeal, Ms. Patel presents essentially the same arguments she made to the Board. Ms. Patel contends that the Agency's decision was arbitrary and capricious because she can perform the "essential function" of her job according to the job restrictions "if [a] scooter [is] provided." Pet'r Br. 1. Ms. Patel further contends that the requirements of her previous SDO position can be performed from a scooter and that the Agency did not look for positions "in other facilit[ies]." *Id.* at 1-2.

The Board addressed each of these issues and found to the contrary. Relying on statements from Ms. Patel and other witnesses, the Board found that the SDO position involves "continuous walking and standing," including "walking up and down the aisles monitoring the work of her subordinate employees." *Patel*, No. CH-0353-11-0410-I-1, at 4-5. The Board found that "the duties of an SDO cannot be performed as seated work [because] [t]he position requires the incumbent to constantly move around the facility." *Id.* at 5. The Board also found that the Agency's work aisles are very narrow and that motorized equipment, such as a scooter, is prohibited. *Id.* As a result, the Board found that Ms. Patel "cannot supervise her employees from a scooter." *Id.* at 6. Finally, the Board found that the Agency looked unsuccessfully for available work within Ms. Patel's medical restrictions at both its Palatine facility and other facilities up to ninety miles away. *Id.* at 7. Because each of the Board's fact findings is supported by substantial evidence, we must affirm. We have considered Ms. Patel's other arguments on appeal and find them to be without merit.

**AFFIRMED**

COSTS

No costs.