# UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

SMITA A. PATEL,
>   Appellant,

>   v.

UNITED STATES POSTAL SERVICE,
>   Agency.

DOCKET NUMBER
CH-0353-13-0477-I-1

DATE: October 9, 2014

## THIS FINAL ORDER IS NONPRECEDENTIAL[1]

Smita A. Patel, Hoffman Estates, Illinois, pro se.

Deborah L. Lisy, Esquire, Chicago, Illinois, for the agency.

### BEFORE

Susan Tsui Grundmann, Chairman
Anne M. Wagner, Vice Chairman
Mark A. Robbins, Member

### FINAL ORDER

¶1      The appellant has filed a petition for review of the initial decision, which dismissed her restoration appeal for lack of jurisdiction. Generally, we grant petitions such as this one only when: the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. See 5 C.F.R. § 1201.117(c).

interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed.  *See* Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, and based on the following points and authorities, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review.  Therefore, we DENY the petition for review.  Except as expressly MODIFIED by this Final Order to clarify the administrative judge's finding on discrimination, we AFFIRM the initial decision.

## BACKGROUND

¶2        The appellant is an EAS-17 Supervisor of Distribution Operations (SDO) at the agency's Palantine Processing and Distribution Center in Palantine, Illinois. Initial Appeal File (IAF), Tab 8, Subtab 4EE.  She suffered a compensable injury in 2002.[2]  *Id.*, Subtab 4A.  Thereafter, the appellant worked intermittently and received payments from the Office of Workers' Compensation Programs (OWCP) for the periods in which she was unable to work.  *Id.*, Subtab 4B.  On May 29, 2009, the appellant requested restoration to her position and presented the agency with her doctor's restrictions.  *See* IAF, Tab 11 at 12.   On June 9, 2009, the agency denied the appellant's request for restoration.  *See id.*

¶3        The appellant filed a restoration appeal with the Board.  *See* IAF, Tab 11 at 10.  After holding a hearing, the administrative judge issued an initial decision

---

[2] The initial decision in the appellant's prior restoration appeal identifies the date of her compensable injury as December 2006, *see* IAF, Tab 11 at 12, as do some documents in the agency file, *see* IAF, Tab 8, Subtab 3, Formal Complaint at 3, Subtab 4S, Subtab 4Z.

dismissing the appeal for lack of jurisdiction based on her finding that the appellant failed to show that the agency's denial of her request for restoration to duty was arbitrary and capricious. *Patel v. U.S. Postal Service*, MSPB Docket No. CH-0353-11-0410-I-1, Initial Decision (Jan. 11, 2012). The initial decision became the Board's final decision on February 15, 2012, when neither party filed a petition for review. IAF, Tab 11 at 18. The appellant then filed a request for review with the U.S. Court of Appeals for the Federal Circuit, which affirmed the Board's decision. *Patel v. Merit Systems Protection Board*, 498 F. App'x 33 (Fed. Cir. 2012).

¶4        On April 30, 2012, the appellant submitted documentation from her treating physician dated April 26, 2012, which modified her work restrictions effective April 30, 2012. IAF, Tab 8, Subtab 4BB. After obtaining additional information from the appellant's physician, the agency offered, and the appellant accepted, her prior position with modified duties, and the appellant returned to duty on May 24, 2012. *Id.*, Subtabs 4Y-4AA, 4DD.

¶5        On June 28, 2012, the appellant faxed the agency a work restriction form, dated that same day from her physician, which set forth various restrictions, including "no excessive twisting, turning, bending, sitting, or standing." IAF, Tab 8, Subtab 4X. On the form, the appellant's physician also specified that the appellant was to have "frequent breaks while standing and/or walking." *Id.* Based on these restrictions, on June 29, 2012, the agency instructed the appellant not to return to work until notified. *See* IAF, Tab 8, Subtab 4K, Affidavit B at 118-19. Beginning June 29, 2012, the agency asked the appellant to obtain further information from her treating physician, including a clarification of what he meant by the term "frequent breaks," so that the agency could identify adequate work available within her restrictions. *See, e.g.*, IAF, Tab 8, Subtabs 4T-4W. The process of obtaining sufficient medical information to enable the agency to determine whether there was available work within the appellant's medical restrictions took several months. *See id.*, Subtabs 4N-4W.

¶6      On January 3, 2013, OWCP placed the appellant in its Vocational Rehabilitation Program. IAF, Tab 8, Subtab 4J. Shortly thereafter, the parties were able to identify work within the appellant's medical restrictions, and the agency offered her a limited-duty assignment in the SDO position effective January 18, 2013. *Id.*, Subtabs 4F, 4H. Although she did not report to work on that date, *see id.*, Subtab 4G, the appellant returned to work in her limited-duty assignment effective January 23, 2013, *id.*, Subtabs 4C-4D, 4DD.

¶7      In the meantime, on October 13, 2012, the appellant filed a formal equal employment opportunity complaint with the agency, alleging that the agency's action constituted discrimination. IAF, Tab 8, Subtab 3. After the agency issued a final agency decision finding no discrimination, *id.*, Subtab 4 at 50-72, the appellant filed this restoration appeal with the Board and requested a hearing, IAF, Tab 1.

¶8      The appellant alleged that the agency denied her restoration from June 29, 2012, to January 18, 2013, by instructing her not to report to work due to her medical restrictions. IAF, Tabs 1, 10. She also asserted that she is entitled to back pay and overtime pay, above the amount of her OWCP compensation, to equal the pay she would have received had she worked full time during this period. *See* IAF, Tab 17. The appellant also raised a discrimination claim. IAF, Tab 1 at 3.

¶9      Without holding the requested hearing, the administrative judge issued an initial decision dismissing the appeal for lack of jurisdiction. IAF, Tab 19, Initial Decision (ID) at 2, 6. The administrative judge found that the appellant failed to make a nonfrivolous allegation of jurisdiction that the agency acted arbitrarily and capriciously in denying restoration. ID at 4-5. The administrative judge further found that, because the appellant failed to make a nonfrivolous allegation that the agency's actions between June 2012 and January 2013 were arbitrary and capricious, she was not entitled to back pay and overtime pay above the amount of her OWCP benefits. ID at 5. The administrative judge also found that the

appellant's discrimination claim could not be addressed because the Board lacks jurisdiction over such a claim in the absence of an otherwise appealable action. ID at 5.

¶10　　The appellant has filed a petition for review.  Petition for Review (PFR) File, Tab 1.  The agency has filed a response to the petition for review.  PFR File, Tab 5.

## ANALYSIS

### The administrative judge correctly dismissed this appeal for lack of jurisdiction.

¶11　　The Federal Employees' Compensation Act and its implementing regulations at 5 C.F.R. Part 353 provide that federal employees who suffer compensable injuries enjoy certain rights to be restored to their previous or comparable positions.  5 U.S.C. § 8151; *Latham v. U.S. Postal Service*, 117 M.S.P.R. 400, ¶ 9 (2012); *Chen v. U.S. Postal Service*, 114 M.S.P.R. 292, ¶ 7 (2010), *overruled on other grounds by Latham*, 117 M.S.P.R. 400, ¶ 10.  In the case of a partially-recovered employee, i.e., one who cannot resume the full range of her regular duties but has recovered sufficiently to return to part-time or light duty or to another position with less demanding physical requirements, an agency must make every effort to restore the individual to a position within her medical restrictions and within the local commuting area.  *Chen*, 114 M.S.P.R. 292, ¶ 7; 5 C.F.R. §§ 353.102, 353.301(d).

¶12　　To establish jurisdiction over a restoration appeal as a partially-recovered individual, an appellant must prove by preponderant evidence that: (1) she was absent from his position due to a compensable injury; (2) she recovered sufficiently to return to duty on a part-time basis or to return to work in a position with less demanding physical requirements than those previously required of her; (3) the agency denied her request for restoration; and (4) the denial was arbitrary and capricious.  *Bledsoe v. Merit Systems Protection Board*, 659 F.3d 1097, 1104 (Fed. Cir. 2011); *Latham*, 117 M.S.P.R. 400, ¶ 10.  If the appellant makes

nonfrivolous allegations of jurisdiction concerning all four prongs of the jurisdictional standard, she is entitled to a jurisdictional hearing. *Bledsoe*, 659 F.3d 1097 at 1102, 1104.

¶13    Only the last criterion is in dispute in this appeal. As noted above, the administrative judge dismissed this restoration appeal without holding the requested hearing based on her finding that the appellant failed to make a nonfrivolous allegation that the agency's denial of restoration was arbitrary and capricious. ID at 4-5. In making this finding, the administrative judge considered the record evidence, which documented the agency's repeated efforts to obtain clarification regarding the appellant's work restrictions so that the agency could identify available work within those restrictions. ID at 4; *see* IAF, Tab 8, Subtabs 4N-4W.[3] The administrative judge noted that "[w]hen the appellant presented her final medical restrictions . . . the parties were able to fashion a set of duties that she could perform in her [SDO] position . . . ." ID at 4-5. Under these circumstances, the administrative judge found, the agency's actions were not arbitrary and capricious. ID at 5.

¶14    The appellant challenges this finding on review, arguing that the information from her treating physician concerning her work restrictions is "very understandable and clear." PFR File, Tab 1 at 3. We disagree. As previously noted, the appellant's June 28, 2012 work restriction form states that the appellant was to take "frequent breaks from standing or walking." IAF, Tab 8, Subtab 4X. Contrary to the appellant's apparent assertion on review, the meaning of the term "frequent breaks" is not clear. Consequently, the agency needed to ascertain what the appellant's physician meant by this term so that it could determine whether there was available work within the appellant's restrictions. In particular, the agency needed to determine the duration of the breaks and how

---

[3] As the administrative judge noted in the initial decision, ID at 2 n.1, the appellant does not dispute the accuracy of pages 33-210 of the agency's response file (i.e., IAF, Tab 8, Subtabs 3, 4A-4FF); *see* IAF, Tab 10 at 6.

often breaks should be taken. *See id.*, Subtab 4T. The agency did not receive clarification on these questions until August 2012, and it then determined that there was no available work within the appellant's restrictions. *Id.*, Subtab 4K, Affidavit B at 120, Subtab 4S.

¶15    On review, the appellant also reiterates her argument from below that her work restrictions did not prevent her from performing the duties of her SDO position because the position description does not indicate that the job requires 8 hours of standing and walking.[4] PFR File, Tab 1 at 3; IAF, Tab 10; *see* IAF, Tab 8, Subtab 4EE. We find this argument unavailing for two reasons. First, the Duty Status Report for the position identifies continuous walking and standing for 8 hours per day as among the usual work requirements of that position. IAF, Tab 8, Subtab 4U. The appellant acknowledged the accuracy of this document in her response to the agency's motion to dismiss. IAF, Tab 10 at 6.

¶16    Second, as the administrative judge explained in her initial decision in the appellant's prior restoration appeal, the physical requirements of the SDO position can be derived from the duties of the position and where these duties are to be performed. IAF, Tab 11 at 13. In affirming the Board's decision in the appellant's prior restoration appeal, our reviewing court specifically noted that, after considering the hearing testimony and the submitted evidence, "the [administrative judge] found that the SDO position requires 'continuous walking and standing to check mail and mail volume . . . ." *Patel*, 498 F. App'x at 34. We discern no reason to revisit that finding.

The administrative judge, for the most part, correctly decided the appellant's allegation of discrimination.

¶17    The appellant also reiterates her discrimination claim on review. PFR File, Tab 1 at 3, 5. As the administrative judge explained, the Board lacks jurisdiction

---

[4] The administrative judge explained that she had found this argument without merit in her initial decision in the appellant's prior restoration appeal and would not address it again in this appeal. ID at 2 n.3; *see* IAF, Tab 11 at 13.

over such claims per se in the absence of an otherwise appealable action. ID at 5 (citing *Latham*, 117 M.S.P.R. 400, ¶ 58). However, the administrative judge should have considered the appellant's claims in this regard to the extent that they pertain to the jurisdictional issue. *Latham*, 117 M.S.P.R. 400, ¶ 58. We have fully considered the appellant's allegations of discrimination and find that she has not made a nonfrivolous allegation that the agency's actions were arbitrary and capricious due to prohibited discrimination.

<u>The appellant failed to prove her allegation of judicial bias.</u>

¶18    Finally, the appellant raises an apparent claim of judicial bias on review, alleging that the administrative judge is on the "agency['s] side." PFR File, Tab 1 at 3. In making a claim of bias or prejudice against an administrative judge, a party must overcome the presumption of honesty and integrity that accompanies administrative adjudicators. *Oliver v. Department of Transportation*, 1 M.S.P.R. 382, 386 (1980). An administrative judge's conduct during the course of a Board proceeding warrants a new adjudication only if her comments or actions evidence a deep-seated favoritism or antagonism that would make fair judgment impossible. *See Smets v. Department of the Navy*, 117 M.S.P.R. 164, ¶ 15 (2011), *aff'd*, 498 F. App'x 1 (Fed. Cir. 2012). The appellant's allegations on review, which do not relate to any extrajudicial conduct by the administrative judge, neither overcome the presumption of honesty and integrity that accompanies an administrative judge, nor establish that the administrative judge showed a deep-seated favoritism or antagonism that would make fair judgment impossible.

**NOTICE TO THE APPELLANT REGARDING**
**YOUR FURTHER REVIEW RIGHTS**

You have the right to request review of this final decision by the United States Court of Appeals for the Federal Circuit. You must submit your request to the court at the following address:

United States Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, DC 20439

The court must receive your request for review no later than 60 calendar days after the date of this order. *See* 5 U.S.C. § 7703(b)(1)(A) (as rev. eff. Dec. 27, 2012). If you choose to file, be very careful to file on time. The court has held that normally it does not have the authority to waive this statutory deadline and that filings that do not comply with the deadline must be dismissed. *See Pinat v. Office of Personnel Management*, 931 F.2d 1544 (Fed. Cir. 1991).

If you need further information about your right to appeal this decision to court, you should refer to the federal law that gives you this right. It is found in Title 5 of the United States Code, section 7703 (5 U.S.C. § 7703) (as rev. eff. Dec. 27, 2012). You may read this law as well as other sections of the United States Code, at our website, http://www.mspb.gov/appeals/uscode.htm. Additional information is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, and 11.

If you are interested in securing pro bono representation for your court appeal, you may visit our website at http://www.mspb.gov/probono for a list of attorneys who have expressed interest in providing pro bono representation for Merit Systems Protection Board appellants before the court. The Merit Systems

Protection Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.


FOR THE BOARD:                              _____
                                           William D. Spencer
                                           Clerk of the Board

Washington, D.C.